# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ROY JOHNSON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES PAROLE COMMISSION,<br><br>　　　　　Respondent.<br>_____/ | 1:10-cv-01164-SMS (HC)<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION<br><br>[Doc. 1] |

　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).

　　　Petitioner filed the instant petition on June 18, 2010, and challenges the denial of parole. Petitioner has failed to name a proper Respondent to review his claim challenging the execution of his sentence.  It is well-established that to provide under section 2241, the petitioner must name as the respondent the warden of the facility where the he is confined.  See Rumsfeld v. Padilla, 542 U.S. 426, 434-435 (2004).  Section 2242 of Title 28 directs that an application for a writ of habeas corpus "shall allege . . . the name of the person who has custody over him and by virtue of what claim or authority, if known."  28 U.S.C. § 2242.  Thus, when a prisoner files a section 2241 petition challenging the execution of his sentence, the warden of the penitentiary where he is confined must be named as the respondent.  Dunne v. Henman, 875 F.2d 244, 248-249 (9th Cir. 1989); see also Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992)

(reiterating that a federal habeas petitioner's immediate custodian is the only individual who can actually produce the body of the petitioner). "Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Therefore, because Petitioner has failed to name the proper respondent in his petition, this Court does not presently have jurisdiction to review it. However, in this case, the Court will give petitioner the opportunity to cure his defect by amending the petition to name a proper respondent. See West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).

Accordingly, the Court HEREBY ORDERS:

1. Petitioner SHALL SHOW CAUSE why the Petition should not be dismissed by AMENDING the Petition to name a proper respondent within thirty (30) days of the date of service of this order. To comply with this directive petitioner need only submit a pleading titled "Amendment to Petition" in which he amends the petition to name a proper respondent. As noted above, that individual is the person having day to day custody over petitioner - usually the warden of the institution where he is confined. The Amendment should be clearly and boldly captioned as such and include the case number referenced above, and be an original signed under penalty of perjury; and

2. Failure to comply with this Order will result in dismissal of action pursuant to Local Rule 110.

IT IS SO ORDERED.

**Dated:   July 13, 2010**                   /s/ Sandra M. Snyder
                                            UNITED STATES MAGISTRATE JUDGE