# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ROY JOHNSON,<br><br>        Petitioner,<br><br>    v.<br><br>HECTOR A. RIOS,<br><br>        Respondent._____/ | 1:10-cv-01164-SMS (HC)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT IN FAVOR OF RESPONDENT<br><br>[Doc. 1] |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge. Local Rule 305(b).

In the instant petition, Petitioner contends the United States Parole Commission violated the constitutional protections against ex post facto laws. He also claims the Federal Bureau of Prisons (BOP) denied him access to a sex offender treatment program and a release date should be set.

### BACKGROUND

On November 27, 1990, the Superior Court of the District of Columbia sentenced Petitioner to 15 years to life in prison for rape while armed. Ex. A, Judgment. Petitioner committed the crime while on bond on another rape charge. Ex. B, Addendum. The U.S. Parole Commission conducted Petitioner's first parole hearing on March 22, 2000. Ex. C, Initial Hearing

Summary, pursuant to the 1998 Guidelines in effect at the time of the hearing.[1]  The hearing examiner discussed the commitment offense, and Petitioner stated the victim initially agreed to have sexual intercourse with him and after they had consensual sex she asked him to take her home, which agitated him.  Id.  It was at that time he began choking her with an extension cord and forced her to engage in sexual intercourse.  Id.  The examiner also questioned Petitioner about the rape he was charged with in December 1989.  Petitioner claimed it never happened and his former girlfriend lied about the incident because she was mad at him.  Id.  The 1989 rape charge was dismissed in exchange for Petitioner's guilty plea in the 1990 rape case.  Although the prior charge was dismissed, the Commission concluded that Petitioner committed the 1989 rape of his ex-girlfriend.  Petitioner acknowledged that he had not received any sex offender treatment or counseling during his incarceration because it was not available.  Id.  Petitioner was advised to obtain psychological counseling to specifically address his sex offender conduct.  Id.  The hearing examiner recommended denial of parole and a reconsideration hearing in 2005 because he committed two rapes in a 5 month period and denied involvement in one and minimized his actions in the other rape.  Id.  On April 24, 2000, the Commission denied parole and continued the case for reconsideration hearing in 2005.  Ex. D, Notice of Action.

///

///

---

[1] On August 5, 2000, the D.C. Board of Parole paroling authority was transferred to the U.S. Parole Commission by way of the 1997 Revitalization Act.  See Franklin v. District of Columbia, 163 F.3d 625, 632 (D.C. Cir. 1998).  The Revitalization Act required the Parole Commission to exercise its authority "pursuant to the parole laws and regulations of the District of Columbia," but also gave the Parole Commission ". . . exclusive authority to amend or supplement any regulation interpreting or implementing the parole laws of the District of Columbia with respect to felons. . ."  See D.C. Code § 24-1231(a)(1) and (c) (1999), recodified as D.C. Code § 24-131(a)(1) and (c) (2001).

The Commission subsequently promulgated amendments and revisions to the 1987 guidelines.  See 28 C.F.R. § 2.70 et.seq. (Board's 1987 guidelines remained in effect until August 5, 1998).  One of the first amendments in 1998 expanded the version of the "total point score" contained in the 1987 guidelines of the D.C. Board of Parole.  See 28 C.F.R. § 2.80 (1999).  The 1987 guidelines assigned a "salient factor score" as one of the factors used in calculating parole eligibility by adding or subtracting points for pre and post incarceration factors, including whether the prisoner's current conviction "involved violent against a person."  Ellis v. District of Columbia, 84 F.3d 1413, 141501417 (D.C.Cir. 1996).   If the total point score was not favorable at the prisoner's initial hearing, it could be worked down to a favorable score after a rehearing, or successive rehearing, if enough point deductions for positive program achievement were earned.

Petitioner's reconsideration hearing was conducted on March 29, 2005 pursuant to the guidelines set forth in 28 C.F.R. § 2.80, known as the Commission's 2000 Guidelines.[2] Ex. E, Hearing Summary. Petitioner conceded that he had not participated in any counseling because the institution did not offer sex offender treatment programs. However, Petitioner's prison case manager indicated that one-on-one counseling with a psychologist was available and Petitioner acknowledged such counseling was offered to him. Id. Petitioner did not pursue counseling because he did not have the propensity to commit sexual offenses. Id. It was once again recommended that Petitioner participate in counseling and he was denied parole. The next reconsideration hearing was continued to 2008. Ex. F.

Petitioner's next hearing was conducted on February 25, 2008 pursuant to the Commission's 2000 Guidelines. Ex. G. Petitioner's prison case manager indicated that Petitioner attempted to enroll in a sex offender treatment program but was ineligible to participate because his remaining term of imprisonment was more than 36 months. Id. Petitioner requested a transfer to another institution that offered sex offender treatment but was denied because he did not have a release date. Id. The Commission then determined that granting Petitioner a release date to receive sex offender treatment posed an unacceptable risk to the safety of the community. Ex. H. On March 26, 2008, parole was denied and a reconsideration hearing was continued to February 2011. Id.

Petitioner received a subsequent reconsideration hearing on March 10, 2010, pursuant to the D.C. Board's 1987 Guidelines in light of the decision in Sellmon v. Reilly, 551 F.Supp.2d 66 (D.D.C. 2008) case. Ex. I, Hearing Summary. Petitioner stated that he had still not participated

---

[2] The Commission's 2000 Guidelines, set forth in 28 C.F.R § 2.80, combine the "salient factor score" with the expanded list of pre and post incarceration factors (including the prisoner's current and past history of violence) from the Commission's 1998 Guidelines, to produce a Base Point Score, which now allows the Commission to calculate a Total Guideline Range. See 28 C.F.R. § 2.70 (1999) (the Commission's statement of authority for its revisions to the now-superseded rules of the D.C. Board of Parole at 28 D.C. M.R. § et seq.). The Total Guideline Range reflects the total time a prisoner would be expected to serve until, after positive program achievement, he has been found suitable for parole. See 65 Federal Register 70665 (November 27, 2000). More specifically, the Commission's 2000 Guidelines (1) added additional risk factors to the "total point score" by which the suitability for parole is calculated, and (2) substituted, in place of the Board's annual rehearing guideline, variable rehearing guideline ranges according to the Base Point Score (risk level) which is calculated for each prisoner.

3

in any sex offender treatment while incarcerated. Id. He continued to argue that he should be granted a parole date so he could then become eligible for placement in a sex offender treatment program. Id. When asked why he had not participated in alternative forms of treatments, such as individual counseling or the Challenge Program, Petitioner stated he did not so because he did not need sex offender treatment as he was not a risk to the community. Id. Petitioner also denied committing the 1989 rape because he was not convicted of the crime. Id. Based on the nature of Petitioner's offenses, the hearing officer determined that participation in alternative treatment programs was necessary until he became eligible for sex offender treatment pursuant to BOP guidelines. Id. It was recommended that Petitioner participate in the Challenge Program. Id. On May 21, 2010, the Commission denied Petitioner parole and continued the case for reconsideration hearing to March 2012. Ex. J.

## DISCUSSION

I.   Standard of Review

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2d Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See e.g. Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole). A petitioner filing a petition for writ of

habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. <u>Brown</u>, 610 F.2d at 677. Petitioner is in the custody of the United States Penitentiary in Atwater, California, which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a); 2241(d).

II.     Review of Petition

    A.     <u>Petitioner's Challenge to Use of the 1987 Guidelines is Moot</u>

Petitioner contends the Commission violated his rights under the Ex Post Facto Clause of the Constitution by applying the Commission's 2000 Guidelines at his parole hearings, instead of applying the D.C. Board's 1987 Guidelines that were in effect when he committed his crime. At Petitioner's most recent parole consideration hearing in 2010, the Commission utilized the 1987 Guidelines and 28 C.F.R. § 2.80(o) provides that he will continue to be heard under these guidelines. See Exh. I & Exh. J. Therefore, there was no retroactive application of parole guidelines in Petitioner's case, and no resulting ex post facto violation. Even assuming the guidelines had not been properly applied at his latest hearing, the only available remedy if he were to prevail on his ex post facto claim is an order directing that he be heard under D.C. 1987 Guidelines. <u>See</u> <u>e.g.</u>, <u>Sellmon v. Reilly</u>, 551 F.Supp.2d at 99 (Commission ordered to conduct hearings applying 1987 guidelines). Because Petitioner has already received this remedy, his claim is moot. <u>See</u> 28 C.F.R. § 2.80(o); <u>see</u> <u>also</u> <u>Preiser v. Newkirk</u>, 422 U.S. 395, 402 (1975) (prisoner's complaint for declaratory and injunctive relief challenging his transfer from medium to maximum security prison without explanation or hearing became moot after he had been transferred back to minimum security prison and a notation had been placed in his file stating that the transfer should have no bearing on any future determinations, insofar as there is now "no reasonable expectation that the wrong will be repeated"); <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998) (action moot because the petitioner's re-incarceration incurred as result of the allegedly wrongful termination of his parole was over and petitioner had not proved any "collateral consequences" of the parole revocation).

A respondent's cessation of its allegedly illegal conduct can render case moot if "(1) there is no reasonable expectation that the wrong will be repeated, and (2) interim relief or events have

5

completely and irrevocably eradicated the effects of the alleged violation." <u>Barnes v. Healy</u>, 980 F.2d 572, 580 (9th Cir. 1992), citing <u>County of Los Angeles v. Davis</u>, 440 U.S. 625, 631 (1979) (citations omitted).  In this instance, the Commission has promulgated the rule in 28 C.F.R. § 2.80(o), and there is no reasonable expectation that the Commission will apply any other guidelines to his case besides the D.C. Guidelines in effect when he committed his crime.  <u>See</u> <u>Luckie v. E.P.A.</u>, 752 F.2d 454, 459 (9th Cir. 1985) (corrective action by an agency can moot an issue).  Moreover, application of the D.C. Guidelines to his case has eradicated the effects of any alleged violation.  Therefore, Petitioner's ex post facto claim is moot.

        B.      <u>Commission's Decision to Deny Parole</u>

Petitioner contends that his ineligibility pursuant to BOP guidelines to participate in a sex offender treatment program while incarcerated warrants a grant of parole because treatment is available to him upon release.  The Commission did not exceed its authority or act irrationally by requiring Petitioner to participate in a sex offender treatment program or counseling before being paroled.  The Commission is authorized to order treatment prior to release if it determines such therapy is necessary to prevent the prisoner from violating the law and disturbing the welfare of society.  <u>See</u> 28 C.F.R. § 2.73.  The Commission has repeatedly advised and ordered Petitioner to participate in some form of sex offender treatment.  <u>See</u> Exs. C, E, I, and J.  Despite the orders, Petitioner has repeatedly informed the Commission that he has not participated in a sex offender treatment program or any other alternative form of counseling, such as one-on-one therapy or the Challenge Program.  <u>See</u> Exs. C, E, G, and I.  Although the BOP guidelines prevent Petitioner from participating in a sex offender treatment program, he is well aware that one-on-one counseling with a psychologist is available, as well as the Challenge Program.  Petitioner has been provided ample opportunity to participate in alternative therapy to assist him in becoming suitable for parole, but Petitioner has chosen to continue to argue for a grant of parole and participation in a sex offender treatment program upon release.  Petitioner simply refuses to participate because he believes he does not have the propensity to commit sexual offenses or that he poses a risk to the safety of the community.  Exs. E and I.  The Commission reasonably determined that Petitioner continues to pose a risk to public safety based on the denial of one of the rapes and

minimization of his role in the other rape. Exs. C, E, G, and I. The Commission's decisions to deny parole were rationally based on the determination that there is a likelihood Petitioner will re-offend based on his failure to complete any counseling to address the causative factors which led to the commitment offense. See, e.g., Turnage v. Bledsoe, 2010 WL 3632699 * 6 (M.D. Pa.) ("[F]ailure to complete a sex offender program is one of many factors parole authorities may take into consideration in refusing to release an inmate, as successful completion of such a program bears rationally on an inmate's likely rehabilitation.").

Furthermore, the fact that a sex offender treatment program was unavailable does not preclude the Parole Commission from taking into consideration the fact that Petitioner had not completed such a program. "The Parole Commission has neither the authority nor the obligation to assure that programs designed to improve the prospect of successful rehabilitation, and consequently safeguard the community, are provided by corrections authorities." Turnage, 2010 WL at *7.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DENIED; and
2. The Clerk of Court is directed to enter judgment in favor of Respondent.

IT IS SO ORDERED.

Dated:   March 29, 2011          /s/ Sandra M. Snyder
                                 UNITED STATES MAGISTRATE JUDGE